UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHERRON WILSON,                    )
                                   )
                    Petitioner,    )
                                   )
        v.                         )    No.  4:06CV675 ERW
                                   )                    (FRB)
DON ROPER,[1]                      )
                                   )
                    Respondent.    )

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Missouri state prisoner
Sherron Wilson's pro se petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2254.  All pretrial matters were referred to the
undersigned United States Magistrate Judge pursuant to 28 U.S.C. §
636(b) for appropriate disposition.

On November 12, 2002, petitioner pled guilty in the
Circuit Court of St. Louis City, Missouri, to two counts of Murder
Second Degree and two counts of Armed Criminal Action.  (Resp.
Exh. M at 74-102.)  Petitioner was sentenced that same date to
three concurrent terms of twenty-five years' imprisonment and to
one consecutive term of five years' imprisonment, for an aggregate

_____

[1]Petitioner is currently incarcerated at the South Central
Correctional Center (SCCC) in Licking, Missouri.  Inasmuch as
Michael Bowersox is Warden of SCCC, he should be substituted for
Don Roper as proper party respondent.  In addition, because
petitioner is challenging a sentence to be served in the future,
Missouri Attorney General Chris Koster should be added as a
proper party respondent.  Rule 2(a), (b), Rules Governing Section
2254 Cases in the United States District Courts.

term of imprisonment of thirty years. (<u>Id.</u> at 14-17.) Petitioner did not appeal this judgment of conviction. On February 10, 2003, petitioner filed a motion for post-conviction relief, which was subsequently amended through appointed counsel. (<u>Id.</u> at 21-26, 37-64.) The amended motion was denied without an evidentiary hearing. (<u>Id.</u> at 66-67.) On September 13, 2005, the Missouri Court of Appeals affirmed the denial of post-conviction relief. <u>Wilson v. State</u>, 171 S.W.3d 162 (Mo. Ct. App. 2005) (order) (per curiam). Mandate issued October 5, 2005. The instant petition for writ of habeas corpus, signed by petitioner on April 19, 2006, was filed in this Court on April 21, 2006.

In the instant petition for writ of habeas corpus, petitioner raises two claims for relief:

(1) That his conviction and sentence violates his right to equal protection and to be protected from double jeopardy; and

(2) That his conviction and sentence was obtained in a court without competent jurisdiction.

In response, respondent argues that petitioner failed to properly raise in state court the claim raised in Ground 1 of the petition, and thus that the claim is procedurally barred from review. With respect to Ground 2, respondent contends that a challenge to the state court's jurisdiction is not cognizable in this federal habeas proceeding.

## I. Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The Court must first examine whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988); see also Boerckel, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Smittie, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. Coleman v. Thompson, 501 U.S. 722 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. Rhines v. Weber, 544 U.S. 269 (2005).

## II.  Procedural History

A brief summary of the procedural history of petitioner's underlying criminal cause of action helps to place petitioner's instant claims in context.

Petitioner was originally charged by petition in the Juvenile Division of the Circuit Court of St. Louis City, Missouri, with two counts of Murder First Degree and two counts of Armed Criminal Action relating to the June 3, 1997, murders of Charles and Dennis Webster.  Petitioner was at that time fifteen years of age.  On July 24, 1997, Commissioner Seneca H. Nolan of the Juvenile Division ordered that the petition in juvenile court be dismissed and that the matter be transferred to the Circuit Court of St. Louis City for prosecution under the general laws of Missouri. (Resp. Exh. B at 12-16.)  Thereafter, on July 25, 1997, a complaint was filed in the Circuit Court of St. Louis City charging petitioner with two counts of Murder First Degree, one count of Assault First Degree, and three counts of Armed Criminal Action. (Id. at 21-22.)  A grand jury returned an indictment on these charges on August 4, 1997. (Id. at 18-20.)

On March 25, 1998, a jury in the circuit court found petitioner guilty of two counts of First Degree Murder and two counts of Armed Criminal Action.  Petitioner was acquitted of Assault First Degree and the related count of Armed Criminal Action. (Resp. Exh. B at 103-08.)  On May 22, 1998, petitioner was

sentenced to four concurrent terms of life imprisonment without eligibility for probation or parole. (Id. at 119-22.)

In the meanwhile, on April 21, 1998, subsequent to the conclusion of the trial but prior to sentencing, a judge from the Juvenile Division issued a judgment of certification adopting and confirming the commissioner's findings made on July 24, 1997. (Resp. Exh. C.)

Petitioner appealed his judgment of conviction. On August 3, 1999, the Missouri Court of Appeals determined that the circuit court had not acquired jurisdiction over petitioner at the time of trial inasmuch as the certification order issued from the Juvenile Division prior to trial was issued by a commissioner and not an Article V judge as required by the Missouri Constitution. State v. Wilson, 5 S.W.3d 527 (Mo. Ct. App. 1999). The court of appeals determined that the judgment of certification issued by an Article V judge on April 21, 1998, did not cure the jurisdictional defect inasmuch as it was issued *after* petitioner was tried as an adult in circuit court. Id. at 529. Therefore, the court of appeals held that because the juvenile court continued to have exclusive jurisdiction over petitioner at the time of his trial, the circuit court did not have jurisdiction to try the case. Id. at 528-29. As such, the court of appeals voided petitioner's conviction. Id. at 529. The State's motion for rehearing and to transfer to the Missouri Supreme Court was denied, as was its

subsequent application for transfer to the Missouri Supreme Court. Mandate issued on the court's decision on January 11, 2000. Petitioner was at that time eighteen years of age.

Thereafter, on April 7, 2000, petitioner was charged by criminal complaint in the Circuit Court of St. Louis City (Resp. Exh. M at 1); and an indictment was returned on May 16, 2000, charging petitioner with two counts of Murder Second Degree and two counts of Armed Criminal Action in relation to the June 3, 1997, murders of Charles and Dennis Webster. (Id. at 5-6.) On November 12, 2002, petitioner pled guilty to two counts of Murder Second Degree and two counts of Armed Criminal Action as charged in a substitute information filed that same date. (Id. at 7-9, 74-111.) Petitioner was sentenced that same date to three concurrent terms of twenty-five years' imprisonment and a consecutive term of five years' imprisonment, for an aggregate term of imprisonment of thirty years. (Id. at 14-17.) It is this judgment of conviction of November 12, 2002, which petitioner challenges in the instant petition for writ of habeas corpus.

### III.  The Claims

A.  Ground 1 - Double Jeopardy

In his first claim for relief, petitioner argues that he was subjected to double jeopardy and was denied equal protection of the law when the Juvenile Division certified him to stand trial as an adult on two separate occasions for the same charges.

Petitioner specifically contends that upon the court of appeals'
decision on his direct appeal in <u>Wilson</u>, he was returned to
juvenile court whereupon he was re-certified to stand trial as an
adult.[2]  Petitioner claims that this second certification violated
his right to equal protection and to be free from double jeopardy
inasmuch as the juvenile court lost jurisdiction over him when it
certified him as an adult on April 21, 1998.

Plaintiff raised this claim in his <u>pro se</u> motion for post
conviction relief.  (Resp. Exh. M at 22-23.)  The claim was not
raised, however, in his amended motion filed by appointed counsel.
(<u>Id.</u> at 37-58.)  Indeed, the amended motion expressly stated that
a claim of double jeopardy was inapplicable to the case inasmuch as
the first court was without jurisdiction to try petitioner.  (<u>Id.</u>
at 42 (citing <u>Serfass v. United States</u>, 420 U.S. 377, 391-92 (1957)
(Double Jeopardy Clause does not come into play until proceeding
begins before a trier having jurisdiction to try the question of
guilt or innocence); <u>Ball v. United States</u>, 163 U.S. 662, 669
(1896)).  Nor was the instant claim raised on appeal of the denial
of the post-conviction motion.  (Resp. Exh. N.)

A claim must be presented at each step of the judicial
process in state court to avoid procedural default.  <u>Jolly v.</u>
<u>Gammon</u>, 28 F.3d 51, 53 (8th Cir. 1994) (citing <u>Benson v. State</u>, 611
S.W.2d 538, 541 (Mo. Ct. App. 1980)); <u>see also</u> <u>Boerckel</u>, 526 U.S.

---

[2]Nothing in the record supports this assertion.

at 845 (state prisoner generally barred from obtaining federal habeas relief on claims that were not properly presented to the state courts through "one complete round of the State's established appellate review process."). Claims that could have been, but were not raised in a state post-conviction motion or on appeal from the denial of such a motion are procedurally barred from federal habeas review. Interiano v. Dormire, 471 F.3d. 854, 856 (8th Cir. 2006); Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005); Jolly, 28 F.3d at 53 (citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988)).

The claim petitioner asserts here was raised in his pro se post-conviction motion, but was not pursued by appointed counsel in his amended motion nor raised on appeal from the denial of the motion. The claim is thus procedurally defaulted. See Interiano, 471 F.3d at 856 (holding that a Missouri prisoner's claim was defaulted where it was raised in his pro se Rule 29.15 motion but not raised in amended motion filed by appointed counsel nor raised on appeal from denial of the motion). As such, this Court cannot reach the merits of the claim absent a showing of cause and prejudice or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

To the extent petitioner asserts that he received ineffective assistance of post-conviction counsel for failing to

pursue this claim, such an assertion cannot constitute cause for procedural default.

> In proceedings in which the Sixth Amendment requires legal representation, ineffective assistance of counsel is cause for a procedural default. However, because a defendant is not constitutionally entitled to effective assistance of counsel in state post-conviction proceedings, a state postconviction attorney's rendering of ineffective assistance will not constitute cause for a procedural default.

Lamp v. State of Iowa, 122 F.3d 1100, 1105 (8th Cir. 1997) (internal citations omitted).

To the extent petitioner contends in his Traverse that trial counsel was ineffective for failing to file a direct appeal on the claim,[3] the undersigned notes that ineffective assistance of trial counsel may constitute cause for procedural default. Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). For the federal court to review such a claim as cause for default, however, the petitioner must have first presented this Sixth Amendment argument as an independent claim to the state courts if a forum existed to make the argument. Edwards v. Carpenter, 529 U.S. 446, 450-53 (2000); Taylor, 329 F.3d at 971 (citing Murray, 477 U.S. at 489); Charron v. Gammon, 69 F.3d 851, 858 (8th Cir. 1995). Although petitioner

_____

[3]Under Missouri Supreme Court Rule 29.07(b)(4), the obligation to file a notice of appeal on behalf of a criminal defendant rests with trial counsel. See also State v. Bradley, 811 S.W.2d 379, 381 (Mo. banc 1991).

raised claims of ineffective assistance of trial counsel in his amended motion for post-conviction relief, none of the claims addressed petitioner's instant claim relating to counsel's alleged failure to file a direct appeal. As such, because petitioner failed to properly pursue this independent Sixth Amendment claim in state court, this Court is precluded from addressing the claim as cause to excuse procedural default. See Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002).

Petitioner has thus failed to establish cause to excuse his procedural default, thus obviating the need for the Court to determine whether prejudice has been shown. Cagle v. Norris, 474 F.3d 1090, 1099 (8th Cir. 2007). In addition, because petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995); see also O'Rourke v. Endell, 153 F.3d 560, 566 (8th Cir. 1998) (where petitioner does not assert actual innocence, court does not consider any such claim).

Therefore, the claim raised in Ground 1 of the instant petition is procedurally barred from review and should be denied.

B. Ground 2 - Jurisdiction

In his second ground for relief, petitioner claims that, pursuant to Mo. Rev. Stat. § 211.071, the juvenile court was

without jurisdiction to re-certify him to stand trial as an adult on the offenses charged, and thus that the trial court was without jurisdiction to obtain a conviction of petitioner on the offenses.

A state prisoner's claim that the state court lacked jurisdiction over his criminal cause of action is one of state law and is not cognizable in a federal habeas action. Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994). To the extent it may be argued that such a claim may be couched in terms alleging a violation of due process, the Eighth Circuit has noted that "[t]o reach the question of denial of due process . . . , the court must first determine that the sentencing court has no jurisdiction. This is not . . . a determination for the federal courts when the question of jurisdiction is one of valid state law only." Id.

Here, petitioner's argument that the trial court lacked jurisdiction is based solely on state law. Petitioner claims that, subsequent to the court of appeals' determination in Wilson to void his conviction, the juvenile court lacked legal authority under Mo. Rev. Stat. § 211.071 to re-certify him to stand trial as an adult on these charges, inasmuch as its judgment of certification entered April 21, 1998, divested the juvenile court of all existing and subsequent authority over him on said charges. This challenge to the state court's jurisdiction over petitioner is based solely on state law. As such, it is not one for the federal courts to decide. Poe, 39 F.3d at 207.

To the extent petitioner's claim may be construed to assert a denial of due process, the claim is procedurally defaulted. A review of the record shows that in his amended post-conviction motion and on appeal of the denial of the motion, petitioner did not challenge his November 2002 judgment of conviction on the basis of a due process violation. As such, the substance of this due process claim has never been properly presented to the state court, thereby resulting in a procedural default of the claim. As discussed <u>supra</u> at Section III.A, petitioner fails to demonstrate cause to excuse his procedural default. Nor does petitioner assert that he is actually innocent of the crimes of which he was convicted such that a fundamental miscarriage of justice would occur if the Court were not to review the claim.

To the extent petitioner argues that he was unaware that he could raise the instant claim challenging jurisdiction under § 211.071, this argument is without merit. A review of petitioner's <u>pro se</u> post-conviction motion shows petitioner to have invoked § 211.071 as a basis upon which he sought relief therein on his claim of double jeopardy. (Resp. Exh. M at 22.) As such, during the pendency of his post-conviction proceedings, petitioner was aware of the basis upon which he now challenges the state court's jurisdiction. Petitioner's alleged "ignorance" of the claim thus does not constitute cause to excuse his default. <u>See</u> <u>Duvall v.</u>

<u>Purkett</u>, 15 F.3d 745, 748 (8th Cir. 1994).

Nevertheless, petitioner's claim is without merit. Other than petitioner's bare assertion, there is nothing in the record to demonstrate that the juvenile court "re-certified" petitioner to stand trial as an adult upon the court of appeals' determination in <u>Wilson</u> to void petitioner's initial conviction. Indeed, as noted by the court of appeals in <u>Wilson</u>, "[t]he circuit court may have jurisdiction for a future trial" inasmuch as it acquired jurisdiction over petitioner on April 21, 1998, when the juvenile court entered judgment on the certification order. <u>Wilson</u>, 5 S.W.3d at 529. As such, in April 2000, when petitioner was charged by criminal complaint in circuit court with the offenses relating to the June 1997 murders of Charles and Dennis Webster, the circuit court already had jurisdiction over petitioner on the matter. <u>See</u> <u>Richardson v. State</u>, 555 S.W.2d 83, 88 (Mo. Ct. App. 1977) (juvenile court's waiver of jurisdiction permits jurisdiction to lodge in circuit court for criminal prosecution); <u>see also</u> <u>State v. Davis</u>, 988 S.W.2d 68, 71 (Mo. Ct. App. 1999) (inasmuch as dismissal of charges is not the same as a finding of not guilty, jurisdiction does not revert to juvenile court under Mo. Rev. Stat. § 211.071.10). With the juvenile petition having properly been dismissed from juvenile court in April 1998 and jurisdiction having properly been lodged in the circuit court at that time, there was nothing before the juvenile court upon which it could act

- 13 -

subsequent to the court of appeals' decision in <u>Wilson</u>. See <u>In Interest of P—A—M—</u>, 606 S.W.2d 449, 455 (Mo. Ct. App. 1980) (once juvenile court waives jurisdiction and juvenile petition is dismissed, juvenile court is without power or authority to mandate what further action is to be taken) (citing <u>State v. Ford</u>, 487 S.W.2d 1 (Mo. 1972)). As such, once the juvenile court properly certified petitioner on the charges raised in the juvenile petition, petitioner properly remained before the circuit court for disposition of the charges brought in that forum.

Accordingly, for the reasons stated above, there is no basis for federal habeas review of the claim raised in Ground 2 of the instant petition, and the claim should be denied.


Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Michael Bowersox, Warden of the South Central Correctional Center, be substituted for Don Roper as proper party respondent.

**IT IS FURTHER RECOMMENDED** that Missouri Attorney General Chris Koster be added as proper party respondent.

**IT IS FURTHER RECOMMENDED** that petitioner Sherron Wilson's petition for writ of habeas corpus (Docket No. 1) be dismissed without further proceedings.

The parties are advised that they have to and including **July 17, 2009,** by which to file written objections to this Report

and Recommendation.  Failure to timely file objections may result in waiver of the right to appeal questions of fact.  <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).


_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE


Dated this  _6th_  day of July, 2009.